[942 NYS2d 331]

In the Matter of PETER N. WEINER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 1, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

*Richard E. Grayson*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Peter N. Weiner was admitted to the practice of law in the State of New York by the First Judicial Department on April 14, 1986. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. In so moving, the Committee states that respondent's affidavit conforms to the requirements of section 603.11. Respondent's affidavit, sworn to December 8, 2011, states that: (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that there are two pending disciplinary investigations by the Committee into allegations that he misappropriated, commingled, and intentionally converted client funds for his own personal use, and (3) if charges were brought predicated upon the misconduct under investigation, he would be unable to successfully defend himself on the merits against such charges.

Respondent acknowledges that in August 2011, a complaint was filed against him by an individual alleging that he wrongfully was in possession of her $10,000 down payment, wired to him as seller's attorney, for the purpose of purchasing real property. When the mortgage application was denied, the individual was entitled to the return of her down payment which respondent had kept in his business account since he did not have an escrow account related to his practice of law. In June 2011, he gave the individual a check for $10,000, but it was returned for insufficient funds. It is further alleged that respondent used the down payment funds for a purpose other than what it was intended.

In September 2011, respondent received a copy of a complaint filed against him by two individuals alleging that he converted escrow funds for his personal use without their authority during the course of his representation as their attorney in the sale of their apartment. Earlier, on or about August 2, 2011, the two individuals had commenced a civil suit in New York Supreme Court against respondent alleging conversion, breach of

contract, legal malpractice, breach of fiduciary duty or negligence. On or about August 15, 2011, respondent entered into a stipulation with them wherein he admitted that he had no defense to the claims asserted in the civil lawsuit and a judgment was entered against him for $116,812.19, which included prejudgment interest and attorney's fees.

Respondent concludes his affidavit of resignation by stating that he is submitting it after consulting with his attorney and that its submission is appropriate at this time.

Accordingly, the Committee's motion should be granted, respondent's resignation from the practice of law accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to December 8, 2011.

MAZZARELLI, J.P., ANDRIAS, DEGRASSE, RICHTER and ABDUS-SALAAM, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 8, 2011.